UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GRETCHEN CARTER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:11-CV-1485-NAB ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

**MEMORANUM AND ORDER**

This matter is before the Court on Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [Doc. 24.] Plaintiff sought an award in the amount of $5,830.01 for 31.1 hours of attorney work at the rate of $187.46 per hour. Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, represents to the Court that the parties have agreed to an award of attorney's fees in the amount of $5,455.09. [Doc. 25.] Based on the following, the Court will grant Plaintiff attorney's fees in the amount of $5,455.09.

**I.   Factual and Procedural Background**

Plaintiff Gretchen Carter filed this action, pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act. On May 14, 2013, the Court issued a Memorandum and Order and Judgment in Plaintiff's favor pursuant to sentence four of 42 U.S.C. § 405(g). [Docs. 24, 25.] Plaintiff filed an Application for Attorney's Fees under the EAJA on August 7, 2013. [Doc. 24.] The Defendant filed a response on August 21, 2013. [Doc. 25.]

## II. Standard

"A court shall award to a prevailing party. . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

A party seeking an award of fees and other expenses must (1) submit to the court an application for fees and other expenses which shows that the party is a prevailing party and eligible to receive an award; (2) provide the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed; (3) allege that the position of the United States was not substantially justified, and (4) make the application within thirty days of final judgment of the action. 28 U.S.C. § 2412(d)(1)(B). The determination of whether the position of the United States was substantially justified shall be determined on the basis of the record made in the action for which the fees are sought. *Id.* "In sentence four remand cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the Court and the appeal period has run so that the judgment is no longer appealable." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (citing 28 U.S.C. § 2412(d)(2)(g) ("Final judgment" means a judgment that is final and not appealable." )).

"It is well-settled that in order to be a prevailing party for EAJA purposes, plaintiff must have received some, but not necessarily all, of the benefits originally sought in his action." *Stanfield v. Apfel*, 985 F.Supp. 927, 929 (E.D. Mo. 1997) (*citing Swedberg v. Bowen*, 804 F.2d 432, 434 (8th Cir.1986)). Obtaining a sentence four judgment reversing the Secretary's denial of

benefits is sufficient to confer prevailing party status. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

**III.   Discussion**

In this action, the Court finds that Plaintiff has demonstrated that an award of attorney's fees under the EAJA is appropriate in this matter. First, Plaintiff is a prevailing party in this action, because she has obtained a reversal of the Commissioner's denial of her application for benefits. [Doc. 23.]

Second, Plaintiff's application for attorney's fees is reasonable. Plaintiff initially requested fees in the amount of $5,830.01 at a rate of $187.46 per hour for 31.1 hours of work. As represented by Defendant, the parties have agreed to an award amount of $5,455.09 representing 25.4 hours of work. [Doc. 25.] The Court finds this amount reasonable.

The application includes an itemized statement from her attorney stating the actual time expended and the rate at which the attorney's fees were computed. The EAJA sets a statutory limit on the amount of fees awarded to counsel at $125.00 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). "In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved." *Richardson-Ward v. Astrue*, 2009 WL1616701, No. 4:07-CV-1171 JCH at *1 (E.D. Mo. June 9, 2009). "The decision to increase the hourly rate is at the discretion of the district court." *Id.* at

*2. "Where, as here, an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125.00] per hour, enhanced fees should be awarded." *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

Plaintiff's counsel submitted detailed evidence from the U.S. Department of Labor, detailing the change in the cost of living from 1996 when the $125.00 hourly limitation became effective until 2013. Upon consideration of these facts, the Court finds that the hourly rate, number of hours expended, and the total fee request is reasonable. Third, as alleged by Plaintiff, the Court finds that the Defendant's position was not substantially justified. Finally, Plaintiff's application for fees was timely filed. Therefore, the Court will award Plaintiff $5,455.09 in attorney's fees.

Plaintiff has submitted an affidavit assigning any award she may receive under the EAJA to her counsel of record. The EAJA requires that the attorney's fee award be awarded to the prevailing party, in this case the Plaintiff, not the Plaintiff's attorney. *Astrue v. Ratcliff*, 130 S.Ct. 2521, 2525 (2010) (the term "prevailing party" in fee statutes is a "term of art" that refers to the prevailing litigant) (citing 42 U.S.C. § 2412(d)(1)(A)). Awards of attorney fees to the prevailing party under the EAJA are "subject to [g]overnment offset to satisfy a pre-existing debt that the litigant owes the United States." *Ratcliff*, 130 S. Ct. at 2524. Any award for attorney's fees must be subject to any government offset, even if the Plaintiff has assigned his right to the award to his attorney. Therefore, the Court will direct the Commissioner to make Plaintiff's attorney's fee award payable to her attorney of record as directed below, subject to any pre-existing debt Plaintiff owes to the United States.

## IV. Conclusion

Based on the foregoing, the Court will award Plaintiff attorney's fees in the amount of $5,455.09.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act is **GRANTED**. [Doc. 24.]

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security shall remit to Bridget A. McNamara, attorney's fees in the amount of $5,455.09, subject to any pre-existing debt that the Plaintiff owes to the United States.

Dated this 8th day of April, 2014.

      /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE